Filed 10/13/20  P. v. Quintanilla CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARIO CESAR QUINTANILLA,<br><br>    Defendant and Appellant. | F076951<br><br>(Super. Ct. No. F16903103)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

# BACKGROUND

On May 16, 2016, police officers encountered defendant Mario Cesar Quintanilla drinking beer in a parking lot.  Defendant immediately withdrew a kitchen knife from his pocket and challenged the officers to fight.  When verbal attempts to placate defendant failed, the officers used a bean bag gun to subdue him.  Defendant resisted arrest and remained combative while in custody.[1]

On May 18, 2016, the district attorney filed a criminal complaint alleging defendant resisted an officer (Pen. Code,[2] § 69 [count 1]); carried a concealed dirk or dagger (§ 21310 [count 2]); and brandished a deadly weapon other than a firearm (§ 417, subd. (a)(1) [count 3]).  The complaint further alleged defendant sustained two prior felony convictions, each of which qualified as a strike offense (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  Defense counsel declared a doubt as to defendant's mental competence and criminal proceedings were suspended.  On July 14, 2016, the trial court determined defendant was incompetent to stand trial.  Defendant was committed to a state hospital for treatment.

On February 16, 2017, the court reinstated criminal proceedings after finding defendant competent to stand trial.  On October 3, 2017, defendant pled nolo contendere to count 1 and the prosecution's motion to dismiss counts 2 and 3 was granted.  On November 21, 2017, defendant was sentenced to state prison for four years.  He filed a notice of appeal on January 24, 2018.

On June 27, 2018, after defendant was sentenced, but while his case was still pending on appeal, the Legislature enacted section 1001.36, which took effect immediately.  (Stats. 2018, ch. 34, §§ 24, 37.)  Under this provision, certain defendants

---

[1]    Defendant stipulated the police reports contained the factual basis for his plea. The probation report obtained its facts from the police report.  The facts here are taken from the probation officer's report.

[2]    Subsequent statutory citations refer to the Penal Code.

suffering from mental disorders may be eligible for pretrial diversion (§ 1001.36, subd. (a)), defined as "the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment" (*id.*, subd. (c)). "If the defendant has performed satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion." (*Id.*, subd. (e).)

On appeal, defendant argued his case should be remanded to afford the trial court an opportunity to determine whether to grant him mental health diversion under section 1001.36. On the basis of *People v. Craine* (2019) 35 Cal.App.5th 744, disapproved in part by *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*), we originally held that section 1001.36 did not apply retroactively to defendant's case and affirmed the judgment.

The California Supreme Court granted review and remanded the case to us with directions to vacate our decision and reconsider the cause in light of *Frahs*, *supra*, 9 Cal.5th 618. We have done so. In view of *Frahs*, we now conclude defendant "is entitled to a limited remand for the trial court to decide whether he should receive diversion under section 1001.36." (*Id*. at p. 625.)

### DISCUSSION

Prior to *Frahs*, there was a split among the appellate districts regarding the retroactivity of section 1001.36. (See *Frahs*, *supra*, 9 Cal.5th at p. 631, fn. 2.) In *Frahs*, our Supreme Court found "neither the text nor the history of section 1001.36 clearly indicates that the Legislature intended that the *Estrada* rule[3] would not apply to this diversion program" (*id.* at p. 624) and held that the provision applies retroactively to

---

**3** In *In re Estrada* (1965) 63 Cal.2d 740, the Supreme Court held that an amendatory statute lessening punishment for a crime was presumptively retroactive and applied to all persons whose judgments were not yet final at the time the statute took effect.

cases in which judgment is not yet final on appeal (*ibid.*). Here, after defendant was sentenced, but while his case was still pending on appeal, section 1001.36 went into effect. Thus, section 1001.36 applies retroactively to this case.

"Having found that section 1001.36 applies retroactively, we must now consider the remedy." (*Frahs*, *supra*, 9 Cal.5th at p. 637.) In *Frahs*, the Supreme Court recognized "the record on appeal is unlikely to include information pertaining to several eligibility factors" "[w]hen . . . a defendant was tried and convicted before section 1001.36 became effective." (*Id*. at p. 638; see § 1001.36, subd. (b)(1)(A)-(F) [criteria].) Thus, "requiring defendants to show they would meet all threshold eligibility requirements before the appellate court may remand the case to the trial court—which decides in the first instance whether a defendant is eligible for diversion—would be inconsistent with any sensible retroactive application of the statute." (*Frahs*, *supra*, at p. 638.) The high court concluded "a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when . . . the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder [citation]." (*Id.* at p. 640; see § 1001.36, subd. (b)(1)(A).)

As noted, defendant was initially found incompetent to stand trial and committed for treatment. Although his competence was later restored, the record affirmatively discloses that he seems to suffer from a qualifying mental disorder. Accordingly, a conditional limited remand for the court to conduct a mental diversion eligibility hearing is warranted.

In the original respondent's brief, the Attorney General argued defendant could not obtain relief under section 1001.36 because he failed to obtain a certificate of probable cause. "Generally, a defendant may appeal 'from a final judgment of conviction.' " (*People v. Stamps* (2020) 9 Cal.5th 685, 694 (*Stamps*), quoting § 1237, subd. (a).) "However, if the judgment resulted from a guilty or no contest plea, . . .

4.

section 1237.5, subdivisions (a) and (b), provide that no appeal may be taken unless '[t]he defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings,' and the court 'has executed and filed a certificate of probable cause for such appeal with the clerk of the court.' '[S]ection 1237.5 admits of this exception: The defendant may take an appeal without a statement of certificate grounds or a certificate of probable cause if he does so solely on noncertificate grounds, which go to postplea matters not challenging his plea's validity . . . .' [Citations.]" (*Stamps*, *supra*, at p. 694, fn. omitted.)

"[W]hen the parties reach an agreement in the context of existing law, a claim that seeks to avoid a term of the agreement, as made, is an attack on the plea itself." (*Stamps*, *supra*, 9 Cal.5th at p. 695.) With respect to "a challenge based, not upon existing law, but on a subsequent change in the law," " 'the general rule in California is that plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy.' [Citation]" (*Ibid.*) " 'That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them' [citation] and '[i]t follows . . . that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement' [citation]. [Citation.]" (*Id.* at pp. 695-696.)

Here, defendant "does not seek to put aside or withdraw his plea. He does not urge that his plea was invalid when made. Instead, he seeks relief because the law subsequently changed to his potential benefit. His appeal, then, does not attack the plea itself and does not require a certificate of probable cause." (*Stamps*, *supra*, 9 Cal.5th at p. 698.)

5.

## DISPOSITION

The judgment is conditionally reversed. The cause is remanded to the trial court with directions to conduct a mental health diversion eligibility hearing pursuant to section 1001.36. If the trial court determines defendant qualifies for diversion, it may grant diversion. If defendant completes diversion, the court shall dismiss the charges. On the other hand, if the court determines defendant is ineligible for diversion, or he does not successfully complete diversion, then his convictions and sentence shall be reinstated. We express no view regarding whether defendant will be able to show eligibility on remand or whether the trial court should exercise its discretion to grant diversion if it finds him eligible. (Accord, *Frahs*, *supra*, 9 Cal.5th at p. 641.)